Florence M. Bruemmer, #019691
**LAW OFFICE OF FLORENCE M. BRUEMMER, P.C.**
42104 N. Venture Dr., Suite A122
Anthem, AZ 85086
Telephone: (623) 551-0380
Fax: (623) 551-0483
florence@bruemmerlaw.com

Elliot S. Isaac, #013882
**ELLIOT S. ISAAC, P.C.**
14820 N. Cave Creek Rd., #3
Phoenix, AZ 85032
Telephone: (602) 404-0099
isaaclawyer@gmail.com

*Attorneys for Plaintiff*
*Staci Martin*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Staci Martin,<br><br>Plaintiff,<br>v.<br><br>Arise, Inc., a Utah corporation fka Rise Services, Inc. dba Rise Services; Jessica Reed & J. Doe Reed, a married couple; Angela Pelton and J. Doe Pelton, a married couple;<br><br>Defendants. | Case No.<br><br>**COMPLAINT**<br><br>**(Jury Trial Demanded)** |

Plaintiff, Staci Martin, for her complaint against Defendants, Arise, Inc. (fka Rise Services, Inc. dba Rise Services), Jessica Reed and Angela Pelton ("Defendants"), alleges as follows:

1. Plaintiff, Staci Martin, is a resident of Mohave County, Arizona.

2. Upon information and belief, Defendant, Arise, Inc. (hereinafter "Rise Services"), is a Utah corporation doing business in Arizona as Rise Services at 4554 E. Inverness Ave., Suite 134, Mesa, AZ 85206 in Maricopa County.

3. Upon information and belief, Jessica Reed and J. Doe Reed are residents of Mohave County, Arizona. Jessica Reed and J. Doe Reed are married and all events alleged herein were performed on behalf of the community and to benefit the community.

4. Upon information and belief, Angela Pelton and J. Doe Pelton are residents of Maricopa County, Arizona. Angela Pelton and J. Doe Pelton are married and all events alleged herein were performed on behalf of the community and to benefit the community.

5. Jessica Reed and Angela Pelton are employees of Rise Services and are individually liable for Plaintiff's damages for their violations of the Family and Medical Leave Act ("FMLA").

6. Venue is appropriate in Maricopa County, Arizona pursuant to 28 U.S.C. §1391(b)(1).

7. Plaintiff's claims arise under federal statutes 29 U.S.C. §2601, *et seq.* ("FMLA"). This Court has personal and subject matter jurisdiction over the parties and issues in this Complaint.

8. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over Plaintiff's state law claims because the state and federal claims derive from a common nucleus of operative facts, and the claims are such that they would ordinarily be

tried in one judicial proceeding.

9. Plaintiff was employed by Rise Services, Inc. as a DTA Coordinator from September 11, 2017 though her termination on March 5, 2021. Upon information and belief, Arise, Inc. is the successor to Rise Services, Inc.

10. As the DTA Coordinator, Plaintiff had her own office space but mostly worked in the field with the members teaching them life skills in the community.

11. Plaintiff earned a salary of $15.00 per hour.

12. Upon information and belief, Defendant Jessica Reed was a District Manager at Rise Services' Lake Havasu Office.

13. Upon information and belief, Defendant Angela Pelton was an Administrative Assistant for Rise Services' Phoenix area.

14. During the course of her employment, Plaintiff requested Paid Sick Time under Arizona's Paid Sick Time law and leave under the FMLA to care for her father who has cancer.

15. During Plaintiff's employment, members of Defendants' management team complained to other staff members that Plaintiff took off way too much time to care for her family.

16. Upon taking her requested Paid Sick Time, Defendants immediately began retaliating against Plaintiff by encouraging her to resign on several occasions.

17. On or about February 22, 2021, while on Paid Sick Time and just one-day

prior to starting FMLA, Defendants required Plaintiff to return her company keys, computer and credit card.

18. On or about February 23, 2021 – Plaintiff's first day of FMLA – Defendants removed Plaintiff's access to her company email and internal programs.

19. On or about March 5, 2021, while still on FMLA, Plaintiff was terminated from her employment with Rise Services, Inc. by Defendants Jessica Reed and Angela Pelton.

20. Defendants alleged that Plaintiff stole one of Rise Services' clients while on leave. The allegation was false and completely fabricated by Defendants.

21. The true reason Plaintiff was terminated was because of her leave under the FMLA and Paid Sick Time.

22. Defendants' decision to terminate Plaintiff was retaliatory and in violation of Plaintiff's rights.

23. At all times relevant to this matter, Defendant Rise Services employed at least 50 employees at the facility where Plaintiff worked, and/or within a 75-mile radius of the facility where Plaintiff worked.

24. Plaintiff worked at least 1,250 hours during the 12-month period immediately preceding the start of her leave.

25. Defendants' conduct, as alleged herein, was extreme and outrageous and entitles Plaintiff to an award of punitive damages. Defendants' conduct was unlawful and

intentional, in violation of Plaintiff's rights under 29 U.S.C. §2601, *et seq*., and A.R.S. section 23-741, et seq., and done with malice and an evil intent to harm Plaintiff.

**<u>COUNT ONE: FMLA – Interference</u>**
**29 U.S.C. §2601, *et seq*.**

26. Plaintiff incorporates her prior allegations.

27. Plaintiff was an eligible employee under the FMLA.

28. On February 23, 2021, Plaintiff had been employed for at least twelve months or more, and worked at least 1,250 hours in the immediately preceding 12-months.

29. Plaintiff needed to care for a parent during the relevant time period who had a medical condition that qualified as a "serious health condition" within the meaning of the FMLA.

30. Plaintiff provided Defendants with adequate, timely and sufficient notice under the circumstances of her need for leave under the FMLA.

31. Defendants knew or should have known that the medical condition suffered by Plaintiff's father constituted a serious health condition within the meaning of the FMLA.

32. Defendants violated and interfered with Plaintiff's rights under the FMLA by retaliating against her after she requested medical leave.

33. Defendants began encouraging Plaintiff to resign as soon as she started her

Paid Sick Time leave and required Plaintiff to return her company keys, computer and credit card the day prior to starting her FMLA. On Plaintiff's first day of FMLA, Defendants removed her access to her company email and internal programs.

34. Defendants then terminated Plaintiff's employment while Plaintiff was on FMLA.

35. The statutory and regulatory language of FMLA makes clear that where an employee is subjected to negative consequences because she has used FMLA leave, the employer has interfered with the employee's FMLA rights.

36. As a direct and proximate result of Defendants' violations of FMLA, Plaintiff has incurred damages, including but not limited to lost wages, benefits and other compensation, and has suffered mental and physical anguish.

37. Plaintiff's economic and emotional injuries have resulted in damages in an amount to be proven at trial.

38. Defendants' unlawful employment practices described herein were willful, wanton, malicious, and in reckless disregard of Plaintiff's rights and she is entitled to liquidated and punitive damages in an amount to be determined at trial.

**COUNT TWO: FMLA – Retaliation**
**29 U.S.C. §2601, *et seq.***

39. Plaintiff incorporates her prior allegations.

40. Plaintiff was retaliated against in violation of the FMLA because she was subjected to less favorable treatment than similarly situated coworkers because she requested leave under the FMLA, including but not limited to, asking Plaintiff to resign,

removing her access to company email and internal programs, and instructing Plaintiff to return her company keys, computer and credit card.

41. Ultimately, Defendants terminated Plaintiff's employment shortly after she began FMLA.

42. Defendants' retaliatory actions and separate interference violations constitute unlawful acts under the FMLA.

43. As a direct and proximate result of Defendants' unlawful employment practices, Plaintiff has suffered damages, including but not limited to, lost wages, benefits, and other pecuniary losses. In addition, she has and will continue to suffer emotional distress, sleeplessness, depression, loss of focus and concentration, pain and suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and the loss of enjoyment of life.

44. Defendants' unlawful employment practices described herein were willful, wanton, malicious, and in reckless disregard of Plaintiff's rights and she is entitled to liquidated and punitive damages in an amount to be determined at trial.

**COUNT THREE: ARIZONA HEALTHY FAMILIES ACT - Retaliation**
**A.R.S. §§ 23-371, *et seq.***

45. Plaintiff incorporates her prior allegations.

46. Plaintiff was entitled to use her earned paid sick time to care for her father who had been diagnosed with cancer, which is a qualifying reason.

47. Plaintiff was retaliated against in violation of the Arizona Fair Wages and Healthy Families Act ("Healthy Families Act") for using her paid sick time because she

was subjected to less favorable treatment than similarly situated coworkers for taking leave under the Healthy Families Act, including but not limited to, asking Plaintiff to resign, removing her access to company email and internal programs, and instructing Plaintiff to return her company keys, computer and credit card.

48. Plaintiff was terminated within ninety days of requesting leave under the Healthy Families Act.

49. As a direct and proximate result of Defendants' unlawful employment practices, Plaintiff has suffered damages, including but not limited to, lost wages, benefits, and other pecuniary losses. In addition, she has and will continue to suffer emotional distress, sleeplessness, depression, loss of focus and concentration, pain and suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and the loss of enjoyment of life.

50. Pursuant to A.R.S. § 23-364(G), Plaintiff is also entitled to the balance of the wages or earned paid sick time owed, including interest thereon, and an additional amount equal to twice the underpaid wages or earned paid sick time, plus an amount set by the court sufficient to compensate Plaintiff and deter future violations, but not less than one hundred fifty dollars for each day that the violation continued or until legal judgment is final.

51. Defendants' unlawful employment practices described herein were willful, wanton, malicious, and in reckless disregard of Plaintiff's rights and she is entitled to liquidated and punitive damages in an amount to be determined at trial.

**DEMAND FOR JURY TRIAL**

52. Plaintiff demands a jury trial on all allegations in this Complaint.

WHEREFORE, Plaintiff requests the following relief:

A. Full damages, including lost wages, salary, employment benefits, front pay, back pay, or other compensation in an amount to be proven at trial;

B. Compensatory damages for Plaintiff's emotional distress and pain and suffering, in an amount to be proven at trial;

C. Statutory penalties pursuant to A.R.S. § 23-364(G);

D. Punitive damages in an amount to be proven at trial;

E. Liquidated damages in an amount equal to her past and future lost wages;

F. Order Defendants to pay Plaintiff's reasonable attorney's fees and costs;

G. Pre-judgment interest on all amounts for which pre-judgment interest is legally allowable, at the highest lawful rate;

H. Post-judgment interest at the highest lawful rate for all amounts, including attorney fees, awarded against Defendants; and

I. Any further amounts the Court deems just and appropriate.

RESPECTFULLY SUBMITTED this 2nd day of November 2021.

By: /s/ Florence M. Bruemmer
Florence M. Bruemmer
*Attorneys for Plaintiff*
*Staci Martin*

By: /s/ Elliot S. Isaac
Elliot S. Isaac
*Attorneys for Plaintiff*
*Staci Martin*

**VERIFICATION**

STACI MARTIN hereby declares under penalty of perjury as follows:

I am the Plaintiff in this action. I have read the Complaint. By signing below, I certify to the best of my knowledge, information, and belief that this Complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the Complaint otherwise complies with the requirements of Rule 11.

11/1/21
Date

STACI MARTIN